UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

STEPHEN D. SHELTON,
Institutional ID No. 01869779,
SID No. 07883783,

        Plaintiff,

v.

SUSAN BOEDEKER, *et al.*,

        Defendants.

No. 1:23-CV-00117-H

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation that this case be dismissed with prejudice for failure to state claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff filed objections.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation with one modification—as explained below, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, if any, and dismisses those claims without prejudice.

Additionally, in light of Plaintiff's specific objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Many of Plaintiff's objections are either restatements of arguments made in his complaint and questionnaire

responses, arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, or conclusory statements insisting that his claims have merit.

Based upon one of Plaintiff's objections, the Court notes that there seems to be some confusion over whether Plaintiff's amended complaint, Dkt. No. 17, was proper, or whether Plaintiff's responses to the Magistrate Judge's questionnaire were appropriately used to amend his original complaint. Plaintiff essentially objects to the Magistrate Judge's use of a questionnaire to amend his complaint and argues that it was deceptive to do so, because his original complaint was sufficient. To clarify—after this case was transferred to this Court from the Southern District of Texas, the Court ordered Plaintiff to file an amended complaint setting forth only his claims against the Wallace Unit defendants. *See* Dkt. No. 16. Plaintiff filed his amended complaint in response, Dkt. No. 17, and it was properly treated as the operative complaint in this action. Then, the Court directed the Magistrate Judge to develop the factual basis of Plaintiff's complaint during screening, *see* Dkt. No. 20, and he did so by issuing his questionnaire under *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976), *see* Dkt. No. 24. When analyzing a pro se plaintiff's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings). In short, the Court finds that both the amended complaint and questionnaire responses were properly used to screen the factual bases of Plaintiff's claims. Thus, the Court overrules Plaintiff's objections, and accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

Finally, to the extent Plaintiff's complaint may be construed to allege any state-law claims of negligence or malpractice, the Magistrate Judge did not specifically address

disposition of those claims. With respect to supplemental jurisdiction, "a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Id.* (citing 28 U.S.C. § 1367(c)).

Under 28 U.S.C. § 1367(c)(3), the "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." The general rule in this circuit "is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). In deciding whether to exercise supplemental jurisdiction, the courts must balance the factors of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988). In this case, the Court has dismissed all claims over which it has original jurisdiction and declines to exercise jurisdiction over plaintiff's pendent state law claims. *See Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 396 (5th Cir. 2020). Thus, the Court dismisses Plaintiff's state law claims without prejudice to his right to raise them in state court.[1]

The Court therefore orders:

1. Plaintiff's complaint and his claims under Section 1983 are dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). To the extent Plaintiff raises any state-law claims, they are dismissed without prejudice for lack of

---

[1] The Court expresses no opinion on the potential merit of his state-law claims.

jurisdiction.

2. Dismissal of this action does not release Plaintiff or the institution where she is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

3. This dismissal will count as a qualifying dismissal, or "strike," under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). *See Lomax v. Ortiz-Marquez*, 590 U.S.___, 140 S. Ct. 1721 (2020). Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

4. All relief not expressly granted is denied, and any pending motions are denied.

5. Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $605.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

Judgment will be entered accordingly.

So ordered on October 2, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE